## Higdon v. Hartman et al.

*Minick & Maxwell,* for plaintiff.
*Edmund C. Wingerd,* for defendants.

DAVISON, P. J., July 19, 1941. — On April 1, 1941, the above-entitled action was entered, summons issued, and service of it accepted and appearance entered for defendant by Edmund C. Wingerd, Esq., on April 26, 1941. A statement of claim was filed by plaintiff on April 12, 1941, and on May 10, 1941, a petition was filed on behalf of said defendants for a rule to show cause why the said summons should not be quashed and the rule as prayed for was granted returnable in 20 days and an answer filed by plaintiff on May 29, 1941. The reasons assigned for quashing the summons are as follows:

"1. The above action is brought in violation of Pa. R. C. P. 2202 (b), in that it is there provided that, after the expiration of six months from the death of decedent, an action can be brought for decedent's death only by decedent's personal representative, or by any person entitled to recover as trustee ad litem on behalf of all persons entitled to share in the damages, and

the present suit is brought neither by decedent's personal representative, nor by any person as trustee ad litem.

"2. The statement of claim filed in the above-stated action is not in accordance with Pa. R. C. P. 2202(b), in that it fails to allege that plaintiff brings this action either as personal representative of decedent or as trustee ad litem.

"3. The statement of claim is not in accordance with Pa. R. C. P. 2204, in that it fails to set forth that no other action for the alleged wrongful death of decedent has been commenced against defendants in this action, or against either of them."

The answer filed on behalf of plaintiff was as follows:

"1. This action is not brought in violation of Pa. R. C. P. 2202(b) because plaintiff is, under said rule, a person entitled by law to recover damages.

"2. Civil Procedural Rule 2202(b) is not a rule of pleading and does not require that the statement of claim allege that plaintiff brings this action either as trustee ad litem or as personal representative. The statement of claim adequately sets forth the status of plaintiff as being that of sole surviving heir and only person entitled by act of assembly to recover for the wrongful death of decedent.

"3. Procedural Rule 2204 does not require that the statement of claim allege that no other action has been commenced against defendants and pendency of another action is a matter of defense for defendants under Pa. R. C. P. 2202(c)."

The statement of claim filed in this case sets forth that plaintiff, Pearl K. Higdon, was the mother of one James L. Higdon; that on September 9, 1940, said James L. Higdon died from injuries he received in an automobile collision caused by the negligence of defendants; that said James L. Higdon did not in his lifetime institute any legal proceedings for the recov-

ery of damages for injuries so received by him; that said deceased was unmarried, had no children, and left surviving him as the only person entitled to recover damages for his wrongful death his mother, the said plaintiff, a widow; that said deceased had contributed largely to the support of his said mother and that she has by his death lost said assistance and maintenance and that she has paid out certain sums for his funeral expenses.

Rule 2202 of the Pennsylvania Rules of Civil Procedure governing actions for wrongful death, under the heading "Parties Entitled to Bring Action for Wrongful Death" provides:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death."

Rule 2204, "Averments in Plaintiff's Pleading", is as follows:

"In addition to all other facts required to be pleaded, the initial pleading of the plaintiff in an action for wrongful death shall state the plaintiff's relationship to the decedent, his right to bring the action, the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent and that the action was brought in their behalf."

In the instant case the action seems to have been instituted and the statement of claim filed without a

consideration of the above rules of civil procedure. The suit is brought as an individual and not in any capacity except her relationship to the deceased. The statement of claim sets forth a right to recover only as his mother and for her loss because of his death. Nowhere does plaintiff hold herself out in the caption of the suit as acting as trustee ad litem, nor does she in any place in said statement set forth that she brings the action in behalf of all persons entitled by law to receive damages for his death, nor that no other action for the wrongful death of decedent has been commenced against said defendants. The suit has been brought and statement filed for the mother's claim for damages for the death of her son as would have been proper before the adoption of said rules, but in our opinion is not sufficient under their terms.

Rule 2202 provides for two ways in which suit for wrongful death may be instituted. If within six months from date of death, the personal representative is the sole person who may bring such suit. If after six months from death, suit may be instituted either by the said personal representative or by any person entitled by law to recover damages in such actions *as trustee ad litem* of all persons entitled to share in the damages. In the instant case, if no suit was instituted within the first six months after the death of said James L. Higdon, and as to this the statement of claim is silent, then he having died on September 9, 1940, and the present action having been brought on April 12, 1941, it would be proper to be brought by one other than the personal representative as described in said rule, but to our mind said rule 2202(*b*) clearly sets forth how that person shall institute the suit where it says "the action may be brought by . . . any person entitled by law to recover damages . . . *as trustee ad litem*". (Italics supplied.) The person designated to bring the action is not so designated as an individual but in his or her capacity as "trustee ad litem", just as

the personal representative is entitled to bring the action as such, but not as an individual. During the first six months the law permits one person in his representative capacity (administrator, etc.), to sue, and if he does not do so within that time then allows another to do so in his or her capacity, representing all others as "trustee ad litem". Both must proceed in the representative capacity conferred on them by the rule, but neither can proceed as an individual. That this is the intention of this rule is further indicated by rule 2204, where it provides that plaintiff must plead that the action was brought in behalf of all persons entitled by law to recover such damages. We are satisfied that plaintiff in the instant case cannot sustain her action as it is now brought and that the rule granted on May 10, 1941, must be made absolute on that ground.

It is true that the court might permit an amendment to the party plaintiff and allow the caption of the suit to be changed to Pearl K. Higdon, trustee ad litem, and no statute of limitations having intervened no one would, perhaps, be prejudiced by such action, but it seems to us that this should not be done in this case for several reasons: First, we have no motion on the part of plaintiff to so amend, she preferring to stand on her original style of action and arguing to support it; and second, the statement of claim must be amended in several important particulars so as to meet the requirements of Pa. R. C. P. 2202($b$) and ($c$), as hereinafter set forth. We would have nothing left but a framework and it will have been repaired and patched up before it could possibly be finished, and we feel in so an important matter as a suit for damages for wrongful death we should start in the proper manner, with correct parties and writs issued and served, without corrections, particularly when it can be done, as in this case, without injury to the rights of the parties.

The statement of claim in the instant case does not contain the allegations required in paragraph ($b$) of

said rule that no action has been brought within six months after the death of decedent by the personal representative of decedent, for without the allegation there would be nothing in the statement of claim to show that the suit by anyone else was authorized; nor does it contain the allegation required by paragraph (c) that no other action is pending for such wrongful death. Both of these allegations must appear in a statement of claim in an action for wrongful death and we will so require in this case.

In addition the present statement of claim does not comply with rule 2204, above quoted, in that in no place is it alleged that the action is brought in behalf of all parties in interest. The statement of claim does aver that said James L. Higdon was unmarried, had no children, and left surviving him as the only person entitled to recover these damages his mother, said Pearl K. Higdon, she being a widow. These allegations do not relieve plaintiff from averring in her statement of claim that the action is brought by her as trustee ad litem in behalf of all parties in interest, for while she may be, and likely is, honest in her belief that she is the only person in interest, that is but her belief, not necessarily correct, and the rule requires her to state in her pleading that she brings her action in behalf of all parties in interest, whosoever they may be, and if there are no others in interest she would be the only one entitled to damages, if there were any, and she could not be injured by this allegation. Very often we have known of claimants appearing to participate in a decedent's estate who before that time were not known to have any interest in him during his lifetime, and this allegation is required by the rule to meet any contingencies which might arise.

We are of the opinion that under the circumstances of the instant case the rule should be made absolute and the summons quashed, without prejudice to plaintiff to file another action with the proper party plaintiff.

Now, July 19, 1941, the rule granted May 10, 1941, is hereby made absolute and the summons quashed at costs of plaintiff, without prejudice to the right of plaintiff to bring another action in said matter.